UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **HOWARD MONIZ**, <br><br> Plaintiff, <br><br> v. <br><br> **MICHAEL A. WEIPERT, et al.**, <br><br> Defendant. | 2:20-CV-12705 <br><br> **OPINION AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS (ECF NOS. 5 AND 7)** |

## I. INTRODUCTION

This is a *pro se* civil rights case brought pursuant to 42 U.S.C. § 1983. Michigan parolee Howard Moniz ("Plaintiff") was convicted of unarmed robbery, second-degree home invasion, unlawful driving away of an automobile, fleeing and eluding, and resisting and obstructing a police officer following a jury trial in the Monroe County Circuit Court. He was sentenced to concurrent terms of 19 to 35 years imprisonment on the robbery and home invasion convictions, a concurrent term of 6 to 35 years imprisonment on the unlawful driving away and fleeing and eluding convictions, and a concurrent term of 3 years 6 months to 10 years imprisonment on the resisting and obstruction conviction in 2001. He was released on parole, with 2 years supervision, on April 7, 2020. *See* Plaintiff's Offender Profile, Michigan Department of Corrections

1

Offender Tracking Information System ("OTIS"),

https://mdocweb.state.mi.us/OTIS2/otis2profile.aspx?mdocNumber=185778.

In his complaint, Plaintiff alleges that his constitutional rights were violated during his state criminal proceedings and post-conviction collateral review proceedings. He names former Monroe County Prosecutor/current Monroe County Circuit Court Judge Michael A. Weipert, Monroe County Circuit Court Chief Judge Jack Vitale, Michigan Court of Appeals Judges Cynthia Dianne Stephens, Karen M. Fort Hood and Michael J. Riordan, Michigan Supreme Court Justices Stephen J. Markman, Brian K. Zahra, Bridget McCormack, David F. Viviano, Richard A. Bernstein, Kurtis T. Wilder, and Elizabeth T. Clement, and the Monroe County Clerk (unnamed) as the defendants in this action. He sues the defendant Judges and Justices in their personal and official capacities for injunctive and declaratory relief and sues the defendant Clerk in her personal and official capacity for damages. Plaintiff paid the filing fee and the administrative fee for this action.

## II. LEGAL STANDARD

A federal court has the authority to dismiss a civil rights complaint upon initial review under Federal Rule of Civil Procedure 12(b)(1). "[A] district court may, at any time, sua sponte, dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule

12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999); *see also Higgins v. Lavine*, 415 U.S. 528, 536-37 (1974) (patently frivolous case divests the district court of jurisdiction). A complaint is frivolous and subject to dismissal if it lacks an arguable basis in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

A pro se civil rights complaint is to be construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Nonetheless, Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). The purpose of this rule is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957) and Fed. R. Civ. P. 8(a)(2)). While such notice pleading does not require detailed factual allegations, it does require more than the bare assertion of legal conclusions. *Twombly*, 550 U.S. at 555. Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic

3

recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) he was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States; and (2) the deprivation was caused by a person acting under color of state law. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978); *Harris v. Circleville*, 583 F.3d 356, 364 (6th Cir. 2009). Additionally, a plaintiff must allege that the deprivation of his or her rights was intentional. *Davidson v. Cannon*, 474 U.S. 344, 348 (1986); *Daniels v. Williams*, 474 U.S. 327, 333-36 (1986).

Despite the liberal pleading standard accorded *pro se* plaintiffs, the Court finds that Plaintiff's civil rights complaint is subject to dismissal.

### III. DISCUSSION

**A. Subject Matter Jurisdiction**

Plaintiff challenges the constitutionality of his state court post-judgment collateral review proceedings, asserting that Defendant Judge Weipert should have recused himself because he had served as a prosecutor on appeal of the case, but did not do so and then improperly

denied him relief on his motion for relief from judgment, that Defendant Judge Vitale improperly determined that Defendant Judge Weipert's disqualification was not required, and that the Defendant Michigan Court of Appeals Judges and Michigan Supreme Court Justices improperly denied him relief on appeal.

The Court, however, lacks the authority to review such claims under the *Rooker-Feldman* doctrine, *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Ct. of App. v. Feldman*, 460 U.S. 462 (1983), which "holds that lower federal courts lack subject matter jurisdiction to engage in appellate review of state court proceedings or to adjudicate claims 'inextricably intertwined' with issues decided in state court proceedings." *Peterson Novelties, Inc. v. City of Berkley*, 305 F.3d 386, 390 (6th Cir. 2002); *see also Hutcherson v. Lauderdale Co., Tenn.*, 326 F.3d 747, 755 (6th Cir. 2003). "The *Rooker-Feldman* doctrine prevents the lower federal courts from exercising jurisdiction over cases brought by 'state-court losers' challenging 'state-court judgments rendered before the district court proceedings commenced.'" *Lance v. Dennis*, 546 U.S. 459, 460 (2006) (per curiam) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)).

The *Rooker-Feldman* doctrine applies "when a plaintiff complains of injury from the state court judgment itself." *Coles v. Granville*, 448 F.3d 853, 858 (6th Cir. 2006). "In determining the applicability of the

*Rooker-Feldman* doctrine, federal courts . . . must pay close attention to the *relief* sought by the federal-court plaintiff." *Hood v. Keller*, 341 F.3d 593, 597 (6th Cir. 2003) (internal quotation omitted). "If the source of the injury is that state court decision, then the *Rooker-Feldman* doctrine would prevent the district court from asserting jurisdiction. If there is some other source of injury, such as a third party's actions, then the plaintiff asserts an independent claim." *McCormick v. Braverman*, 451 F.3d 382, 393 (6th Cir. 2006). The doctrine applies to attempts to relitigate state court judgments entered before the federal suit is filed; it does not abrogate concurrent jurisdiction in federal and state courts, nor is it analogous to a preclusion doctrine. *Exxon Mobil*, 544 U.S. at 292.

"The *Rooker-Feldman* doctrine is a rule of federal jurisdiction." *Frederickson v. City of Lockport*, 384 F.3d 437, 438 (7th Cir. 2004). Consequently, it may be raised sua sponte. *Saker v. National City Corp.*, 90 F. App'x 816, 818 n.1 (6th Cir. 2004). When a claim is barred by the *Rooker-Feldman* doctrine, a court must dismiss the claim for lack of jurisdiction. *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94 (1998).

Applying the foregoing principles to the present complaint, the Court finds that it lacks subject matter jurisdiction to hear Plaintiff's claims against the Defendant Judges and Justices pursuant to the

*Rooker-Feldman* doctrine. Plaintiff challenges the application of state court rules regarding judicial recusal to his case. ECF No. 1, PageID.2-4. He complains that the state court orders are procedurally and constitutionally unsound and essentially asks the Court to overrule or vacate them. *Id.* That is exactly the sort of appellate review of state court judgments that federal courts are barred from engaging in under *Rooker-Feldman*.

The complained of injuries are the dismissals of his state post-conviction collateral actions, and those injuries are directly and solely traceable to the state court rulings and judgments. In other words, Plaintiff is turning to federal court to undo the state court judgments, *Exxon Mobil*, 544 U.S. at 293, based upon the premise that the state court judgments are incorrect or invalid. The Court lacks subject matter jurisdiction over any such claims based upon the *Rooker-Feldman* doctrine. *See Moore v. People of State of Michigan*, No. 15-CV-12430, 2015 WL 5817932, *1-2 (E.D. Mich. Oct. 6, 2015) (citing *Rooker* and denying prisoner permission to file civil rights complaint challenging state courts' denial of post-judgment relief).

Moreover, Plaintiff's federal claims are barred even if they were not specifically presented in the state courts. A federal claim that calls into question the validity of the state court judgment is inextricably intertwined with the judgment even if the federal claim was not

7

presented in the state court proceeding; all that is required is that the federal plaintiff had the opportunity to present the issues involved to the state court. *Kropelnicki v. Siegel*, 290 F.3d 118, 128 (2d Cir. 2002); *Brown & Root, Inc. v. Breckenridge*, 211 F.3d 194, 201 (4th Cir. 2000); *Valenti v. Mitchell*, 962 F.2d 288, 296 (3d Cir. 1992) (quoted with approval in *Wilde v. Ohio Veterinary Med. Licensing Bd.*, 31 Fed. App'x 164, 166 (6th Cir. 2002)). Plaintiff had the opportunity to present his claims in the state trial court, the Michigan Court of Appeals, the Michigan Supreme Court, and ultimately the United States Supreme Court. Accordingly, under the *Rooker-Feldman* doctrine, this Court lacks subject matter jurisdiction over his claims arising from the state courts' rulings.

### B. Failure to State a Claim

Plaintiff may also be raising a due process facial challenge to Michigan's collateral review procedures. While such a claim is not barred by *Rooker-Feldman*, it is nonetheless subject to dismissal for failure to state a claim upon which relief may be granted.

A prisoner's right to due process only arises if a restriction or other conduct by state officials impedes a constitutionally protected liberty interest. *Wilkerson v. Austin*, 545 U.S. 209, 221 (2005). It is well-established, however, that a prisoner has no constitutional right to an appeal, *Abney v. United States*, 431 U.S. 651, 656 (1977), or to post-

8

conviction collateral review. *See Pennsylvania v. Finley*, 481 U.S. 551, 555-56 (1987) (stating that "it is clear that the State need not provide any appeal at all" and that this consideration applies "with even more force to postconviction review"); *Jergens v. Brigano*, 201 F.3d 440, 1999 WL 1204804, *3 (6th Cir. 1999) ("there is no constitutional right to any state post-conviction process at all...."); *see also Coleman v. Thompson*, 501 U.S. 722 (1991) (petitioner did not have constitutional right to counsel on state habeas appeal).

Consequently, Plaintiff has no federal due process rights arising from Michigan's collateral review procedures. *See Boles v. Jackson*, No. 14-14074, 2015 WL 3967559, *2 (E.D. Mich. 2015) (dismissing prisoner's civil rights case challenging Michigan's state post-conviction review proceedings); *Coleman v. Bergh*, No. 12-10883, 2014 WL 988985, *4 (E.D. Mich. 2014) (ruling than an infirmity in state post-conviction proceedings does not provide a basis for federal habeas relief because there is no constitutional right to post-conviction review); *see also Carter v. Burns*, No. 3:07-0597, 2008 WL 4525422, *9-10 (M.D. Tenn. 2008) (dismissing prisoner's civil rights claims contesting Tennessee's post-conviction/collateral review proceedings because there is no constitutional right to such review); *Carter v. McCaleb*, 29 F. Supp.2d 423, 429 (W.D. Mich. 1998) ("In the absence of a liberty interest, no

process is constitutionally due."). Plaintiff thus fails to state a claim upon which relief may be granted under § 1983 as to any such issues.

**C. *Heck* Bar**

Plaintiff also challenges the validity of his state criminal proceedings in his complaint. In particular, he asserts that the Defendant Monroe County Clerk improperly appointed a defense attorney to his criminal case who had a conflict of interest and performed deficiently. ECF No. 1, PageID.4. He also appears to assert that he is or was entitled to relief on his underlying collateral review claims contesting his convictions. *See id.*

A claim under 42 U.S.C. § 1983 is an appropriate remedy for a state prisoner challenging a condition of imprisonment, *see Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973). But not for the validity of continued confinement. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (holding that a state prisoner does not state a cognizable civil rights claim challenging his imprisonment if a ruling on his claim would necessarily render his continuing confinement invalid, until and unless the reason for his continued confinement has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or has been called into question by a federal court's issuance of a writ of habeas corpus under 28 U.S.C. § 2254). This holds true regardless of the relief sought by the plaintiff. *Id.* at 487-89.

*Heck* and other Supreme Court cases, when "taken together, indicate that a state prisoner's § 1983 action is barred (absent prior invalidation) – no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) – if success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005). The underlying basis for the holding in *Heck* is that "civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments." *Heck*, 512 U.S. at 486.

If Plaintiff were to prevail on such claims, his continued confinement as a parolee would be called into question. Consequently, his claims against the Defendants involving the validity of his state criminal proceedings are barred by *Heck* and must be dismissed.

**D. Absolute Judicial Immunity**

The Court also finds that the Defendants are entitled to absolute judicial immunity and quasi-judicial immunity in this case. Judges and judicial employees are entitled to absolute judicial immunity on claims for monetary damages. *See Mireles v Waco*, 502 U.S. 9, 9-10 (1991) (per curiam) (holding that judge performing judicial functions is absolutely immune from suit seeking monetary damages even if acting erroneously, corruptly or in excess of jurisdiction); *see also Collyer v.*

*Darling*, 98 F.3d 211, 221 (6th Cir. 1996). Moreover, the 1996 amendments to § 1983 extended absolute immunity for state judges to requests for injunctive or equitable relief. *See* 42 U.S.C. § 1983 ("[I]n any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief is unavailable."); *see also Kipen v. Lawson*, 57 Fed. App'x 691 (6th Cir. 2003) (discussing federal judges' immunity); *Kircher v. City of Ypsilanti, et al.*, 458 F. Supp.2d 439, 446-47 (E.D. Mich. 2006) (Rosen, J.); *accord Asubuko v. Royal*, 443 F.3d 302, 304 (3d Cir. 2006); *Hass v. Wisconsin, et al.*, 109 Fed. App'x 107, 113-14 (7th Cir. 2004); *Bolin v. Story*, 225 F.3d 1234, 1240-42 (11th Cir. 2000).

Plaintiff's challenges to the state court proceedings involve the performance of judicial duties and quasi-judicial functions. For instance, Plaintiff's challenges mainly attack the reasoning and rules informing Defendants' judicial determinations after reviewing the record before them. *See* ECF No. 1, PageID.3-4. The Defendants are absolutely immune from suit for such conduct and the claims against them must be dismissed.

### E. Eleventh Amendment Immunity

Lastly, Plaintiff's complaint is also subject to dismissal, in part, on the basis of sovereign immunity. The Eleventh Amendment bars civil

rights actions against a state and its agencies and departments unless the state has waived its immunity and consented to suit or Congress has abrogated that immunity. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989). Eleventh Amendment immunity applies "regardless of the nature of the relief sought," *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 100-01 (1984), and "bars all suits, whether for injunctive, declaratory or monetary relief, against the state and its departments by citizens of another state, foreigners or its own citizens." *Thiokol Corp. v. Dep't of Treasury, State of Mich., Revenue Div.*, 987 F.2d 376, 381 (6th Cir. 1993) (internal citations omitted); *see also McCormick v. Miami Univ.*, 693 F.3d 654, 661 (6th Cir. 2012) (citing *Thiokol*). The Eleventh Amendment does not preclude suits against state defendants for prospective injunctive relief. *See Carten v. Kent State Univ.*, 281 F.3d 391, 397 (6th Cir. 2002) (citing *Ex parte Young*, 209 U.S. 123 (1908)); *McCormick*, 693 F.3d at 662 (citing *McKay v. Thompson*, 226 F.3d 752, 757 (6th Cir. 2000)).

"The State of Michigan . . . has not consented to being sued in civil rights actions in the federal courts," *Johnson v. Unknown Dellatifa*, 357 F.3d 539, 545 (6th Cir. 2004) (citing *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986)), and Congress did not abrogate Eleventh Amendment immunity when it passed § 1983. *Quern v. Jordan*, 440 U.S. 332, 341 (1979); *Chaz Const., LLC v. Codell*, 137 Fed. App'x 735,

743 (6th Cir. 2005). The Michigan Supreme Court and its lower courts operate as arms of the state, and are entitled to the same sovereign immunity as the State of Michigan. *Pucci v. Nineteenth Dist. Ct.*, 628 F.3d 752, 762-64 (6th Cir. 2010); *Chambers v. Michigan,* No. 10-12509, 2011 WL 940830, *3-4 (E.D. Mich. 2011); *Young v. District & Supreme Cts. of Mich.*, No. 2:10-CV-15144, 2011 WL 166331, *2 (E.D. Mich. 2011) (citing cases). Additionally, Eleventh Amendment applies to state employees, such as the Defendants here, who are sued in their official capacities. *See Colvin v. Caruso*, 605 F.3d 282, 289 (6th Cir. 2010) (citing *Cady v. Arenac Co.*, 574 F.3d 334, 344 (6th Cir. 2009)).

The Defendants here, as Judges and judicial employees who acted within their jurisdiction, are thus entitled to Eleventh Amendment immunity on any claims for relief other than prospective injunctive relief.

## CONCLUSION

For all the reasons above, the Court concludes that Plaintiff's claims must be dismissed based upon the *Rooker-Feldman* doctrine, for failure to state a claim upon which relief may be granted, as barred by *Heck*, and based upon judicial and quasi-judicial immunity and Eleventh Amendment immunity. Accordingly, the Court **DISMISSES WITH PREJUDICE** Plaintiff's civil rights complaint. The Court also concludes that an appeal from this decision cannot be taken in good faith. *See* 28

U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962). This case is closed.

**SO ORDERED.**

Dated: April 30, 2021
s/Terrence G. Berg
TERRENCE G. BERG
UNITED STATES DISTRICT JUDGE

**Certificate of Service**

I hereby certify that this Order was electronically filed, and the parties and/or counsel of record were served on April 30, 2021.

s/A. Chubb
Case Manager